IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT DOVE,<br><br>    Plaintiff,<br><br>  v.<br><br>BAYER HEALTHCARE LLC, Biological<br>Products Division, a for profit business entity,<br><br>    Defendant.<br>_____/ | No. C 05-02873 JSW<br><br>**NOTICE OF TENTATIVE<br>RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 12, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendant's motion for summary judgment.

The parties shall have 15 minutes to address the following questions:

1. In order to establish a prima facie case of discrimination, Plaintiff must demonstrate that he was qualified for the available position. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506 (1993). Does Plaintiff dispute that the qualifications for the B HVAC mechanic position were specified in the Bayer job posting (Smith Declaration, Ex. A)? On what basis, beside two courses in college 17 years prior, does Plaintiff contend that he matched the qualifications of the position for which he applied?

2. Further, in order to establish a prima facie case of discrimination, Plaintiff must demonstrate that similarly situated individuals not in the protected class were treated more favorably. *St. Mary's*, 509 U.S. at 506. Assuming Plaintiff's factual allegations are true, on what basis does Plaintiff assert that Scott Higgins was similarly situated if he was promoted based on his friendship with the supervisor, Richard Smith?

3. Should Plaintiff be able to establish a prima facie case, the burden would shift to Bayer to assert a legitimate business reason not to promote him. Because Bayer presents evidence demonstrating such a reason, Plaintiff bears the burden of demonstrating that Defendant's articulated reason is pretextual. Plaintiff may do so "either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence." *Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1437 (9th Cir. 1990) (internal cites and quotations omitted). What specific evidence in the record demonstrates that Bayer's articulated reason is pretextual?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: May 11, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2